MaddeN, Judge,
delivered the opinion of the court:
The plaintiff sues for additional salary to which, he says, he is entitled under the applicable statutes. Prior to September 2,1952 he held a GS-14 position in the Department of Commerce, in the classified competitive Civil Service, and his salary was $10,000 per annum. On that date he transferred to the Mutual Security Agency and was appointed a Foreign Service Reserve Officer at an annual salary of $10,250.
The Act of August 13, 1946, C. 957, Title V, § 528, 60 Stat. 1010,22 U. S. C. § 928 provides:
Upon the termination of the assignment of a Reserve officer assigned from any Government agency, such person shall be entitled to reinstatement in the Government agency by which he is regularly employed in the same position he occupied at the time of assignment, or in a corresponding or higher position. Upon reinstatement he shall receive the within-grade salary advancements he would have been entitled to receive had he remained in the position in which he is regularly employed * * *
The plaintiff was later advanced in rank as a Foreign Service Reserve Officer and in 1954 was receiving a salary of $11,150 per annum. In August, 1954 he was placed on leave without pay by the Foreign Operations Administration, which had succeeded to the functions of the Mutual Security Agency and on October 1, 1954 he was separated from Government service in a reduction in force. He protested his removal and applied for reinstatement in the Department of Commerce. He was refused reinstatement.
The plaintiff brought suit in the United States District Court for the District of Columbia, seeking an order that he be reinstated either in the Foreign Operations Administration or in the Department of Commerce. On April 4,-1957, Judge Pine of the District Court ordered the plaintiff’s reinstatement in the Department of Commerce to the same posi *694 tion which he occupied in 1952 when he transferred to the Mutual Security Agency, or to a comparable or a higher position. The plaintiff was reinstated on May 20, 1957 to his GS-14 position in the Department of Commerce, at the then annual salary of $11,395 of that position.
The plaintiff then filed with the Department of Commerce a claim for back pay from August 1, 1954 to May 20, 1957. The General Accounting Office processed the claim and the plaintiff was awarded back pay at his Foreign Service aimual rate of $11,150 for the period August 1 to October 1, 1954, and. back pay at the annual rate of $10,200 for the period October 1,1954 to May 20,1957. It will be remembered that the plaintiff’s salary in the Department of Commerce when he left that Department in 1952 was $10,000. But by the time in 1954 when, according to the decision of the District Court, the plaintiff should have been reinstated in the Department of Commerce, he would have, had he remained in that Department, received an in-grade increase of $200. For that reason his back pay was computed at $10,200.
In computing the plaintiff’s back pay, no account was taken of fui’ther in-grade increases which he would have received between 1954 and 1957 if he had been reinstated in 1954. Nor was any account taken of a statutory pay increase which occurred between 1954 and 1957, or of the annual leave to which the plaintiff would have been entitled during those years if he had been at work.
The plaintiff claims back pay computed either (1) at his Foreign Service salary of $11,150 for the entire period, or (2) at the several different salary rates applicable to the GS-14 position in the Department of Commerce during different periods of time between 1954 and 1957, the rates having increased above $10,200 during those years by reason of a statutory pay increase to $10,965 in 1955, an in-grade increase to $11,180, later in 1955, and another in-grade increase to $11,395 on January 27,1957.
The statute quoted above, specifically applicable to employees transferring from Government agencies to Foreign Service Reserve positions, assures such employees of a right to reinstatement in the agencies from which they transfer, when their Foreign Service assignment terminates. It says *695 that such an employee shall be reinstated in the same position which he. left or in a corresponding or higher position. It assumes that the agency will obey the law and reinstate the employee. If, during the employee’s absence, Congress has increased the salary of the position, the reinstated employee will of course get the basic salary of the position when he gets the position. But he would not necessarily get the personal in-grade salary increases that he would have earned if he had been working in the agency and in the position. Congress cleared up that question by the express provision that he should get such in-grade increases.
As we interpret the statute quoted above, it has to do only with the employees’ status upon reinstatement, which Congress expected to take place because it had specifically directed it. The statute did not contemplate, and made no provision for the case of a wrongful refusal to reinstate an employee who, under the statute, was entitled to reinstatement. We must, therefore, look elsewhere for enlightenment as to what such an employee is entitled to, in the way of back pay, when he is ultimately reinstated.
The Lloyd-La Follette Act of 1912, in the amendment enacted on June 10,1948, 62 Stat. 854, 5 U. S. C. 652, provides:
(a) No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such, service and for reasons given in writing * * *
(b) (1) Any person removed or suspended without pay under subsection (a) who, * * * after any further appeal to proper authority after receipt of an adverse decision on the answer, is reinstated or restored to duty on the ground that such removal or suspension was -unjustified or unwarranted, shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period.
. The General Accounting Office apparently computed the plaintiff’s back pay according to the provisions of section *696 652 (b), quoted above. This was an error. The plaintiff had not been removed from his position for cause “under subsection (a).” He had been denied the reinstatement to which the Act of August 13,1946 gave him a statutory right. As we have said, that Act did not contemplate that the right created by it would be denied, and hence made no provision for measuring or limiting the damages which might accrue from its violation.
The plaintiff resorts to this court because we have jurisdiction of “claims founded upon an Act of Congress.” His right under the 1946 Act was violated by his being denied, from October 1, 1954 to May 20, 1957, the position and the emoluments to which he was entitled under the statute. The normal rule for measuring damages when a contract, or a statutory right, is violated is to put the victim of the violation in the position in which he would have been if his right had not been violated, so far as that end can be accomplished by an award of money.
If the plaintiff had been reinstated in the Department of Commerce, as he had a right to be, on October 1, 1954, he would have received the in-grade promotions and the statutory increase in pay which went with his position. Crocker v. United States, 130 C. Cls. 567, 575. He would have earned annual leave as provided by the statutes relating to leave. Such leave as he cannot have credited to him because of limitations on the accumulation of leave, he should be paid for in cash. Hynning v. United States, 141 C. Cls. 486.
The plaintiff’s motion for summary judgment is granted and defendant’s motion for summary judgment is denied. The plaintiff is entitled to recover and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38 (c). The plaintiff’s earnings in other employment during the relevant period will be credited to the defendant in determining the amount of the judgment.
It is so ordered.
Reed, Justice (Bet.), sitting by designation; Laramore, Judge, Whitaker, Judge, and Jokes, Chief Judge, concur.
*697 In accordance with, the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on July 13, 1959, that judgment for the plaintiff be entered for $4,411.44.